ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x

MIGUEL OLAYA,

        Plaintiff,

-against-

AMERICAN AIRLINES, INC., DERISO
FUNERAL HOME, INC., THOMAS
DERISO, and KATHLEEN DERISO

        Defendants.
------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 0 8 2009 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
Case No. 08-CV-4853 (FB)(JMA)

*Appearances:*
*For the Plaintiff:*
RICHARD VILLAR, ESQ.
Law Offices of Richard Villar
471 54th Street, 2nd Flr.
Brooklyn, NY 11220

*For Defendant American Airlines, Inc.:*
FRANCIS ALLEN MONTBACH, ESQ.
Mound, Cotton, Wollan & Greengrass
1 Battery Park Plaza
New York, NY 10025

*For Defendants Deriso Funeral Home, Inc.,
Thomas Deriso, and Kathleen Deriso:*
MICHAEL J. CANNON, ESQ.
Milber, Makris, Plousadis & Seiden, LLP
1000 Woodbury Road, Suite 402
Woodbury, NY 11797

**BLOCK, Senior District Judge:**

        Miguel Olaya ("Olaya") sued Deriso Funeral Home, Inc., Thomas Deriso and Kathleen Deriso (collectively, "the Derisos"), as well as American Airlines, Inc. ("American"), in New York Supreme Court, Kings County. He asserted various state law claims against both the Derisos and American in connection with the preparation, handling, and international shipping of his wife's remains. The Derisos and American cross-claimed against each other for indemnification and contribution.

Pursuant to 28 U.S.C. §§ 1441 and 1446, American timely removed the case to this Court on the ground that Olaya's claims against it arose under the Convention for the Unification of Certain Rules Relating to International Carriage by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934) – more commonly known as the Warsaw Convention. American now moves for summary judgment on Olaya's claims and the Derisos' cross-claims, arguing that they failed to abide by the Warsaw Convention's notice requirements; Olaya has moved for summary judgment on its state law claims against the Derisos.

I

Olaya's wife died on March 28, 2008, in Brooklyn, New York. With the assistance of his brother-in-law, Carmelo Jiminez, Olaya hired the Derisos to prepare his wife's body for a one-day viewing at their Brooklyn premises on March 31, 2008, and to arrange for air transportation of the remains to Guayaquil, Ecuador, on April 1, 2008. The Derisos contracted with American for this transport on April 1, 2008. While the communications between the Derisos and American are in dispute, the waybill, signed by Thomas Deriso, stated that the cargo's destination was Guatemala City, Guatemala.

Upon arrival of the cargo in Guatemala on April 1, 2008, American became aware that Ecuador was the intended destination. After re-exporting the cargo to Miami, Florida, American delivered the remains to Olaya's care in Guayaquil on the evening of April 4, 2008. Olaya signed for the cargo without exception; the Derisos were aware of its late arrival. Neither party complained to American regarding the delay or notified American of any damage to the remains.

## II

Although American has invoked the Warsaw Convention, the United States is now a party to its successor, the Montreal Convention.[1] Ecuador is also a party to the new convention, but Guatemala still adheres to the Warsaw Convention. Although the Montreal Convention presumably applies because Olaya intended his wife's remains to go to Ecuador, the two conventions are identical insofar as they are pertinent to this case.[2]

The Montreal Convention applies to "all international carriage of persons, baggage or cargo performed by aircraft for reward." Art. 1(1). Like its predecessor, the Montreal Convention has been construed as having a complete preemptive effect over all claims within its scope. *See Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 111 (S.D.N.Y. 2004) (noting that preemptive effect of Montreal Convention is "substantially the same" as that of Warsaw Convention), *aff'd* 194 Fed. Appx. 5 (2d Cir. 2006); *see also El Al Israel v. Tseng*, 525 U.S. 155, 161, 175 (1999) (holding that the Warsaw Convention completely preempts claims within its scope). The preemptive effect of the Montreal Convention can be found in Article 29, which states:

> In the carriage of . . . cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions

---

[1] Or, more formally, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 (entered into force Nov. 4, 2003), *available at* 1999 WL 33292734 (2000).

[2] Therefore the Court can rely on cases interpreting the relevant articles of either the Montreal Convention or the Warsaw Convention. *See Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 110-11 (S.D.N.Y. 2004), *aff'd* 194 Fed. Appx. 5 (2d Cir. 2006) (holding that where articles of the Montreal Convention and Warsaw Convention have similar language, a "Court need not decide which Convention controls").

and such limits of liability as are set out in this Convention . . . .

Art. 29. Because Olaya's claims are based upon damages allegedly suffered by the plaintiff as a consequence of American's international shipment of the cargo, and because the Derisos' cross-claims for indemnification and contribution arose from the same transaction, all claims against American are governed exclusively by the Montreal Convention, including the Derisos' cross-claims. *See Am. Home Assur. Co. v. Kuehne & Nagel (AG & Co.) KG*, 544 F. Supp. 2d 261, 263 (S.D.N.Y. 2008) (applying Montreal Convention to claims for contribution and indemnity).

> Article 31 of the Montreal Convention sets forth strict notice requirements:
>
> 1. Receipt by the person entitled to delivery of checked baggage or cargo without complaint is prima facie evidence that the same has been delivered in good condition[.]
>
> 2. In the case of damage, the person entitled to delivery must complain to the carrier forthwith after the discovery of the damage, and, at the latest, within . . . fourteen days from the date of receipt in the case of cargo. In the case of delay, the complaint must be made at the latest within twenty-one days from the date on which the baggage or cargo have been placed at his or her disposal.
>
> 3. Every complaint must be made in writing and given or dispatched within the times aforesaid.
>
> 4. If no complaint is made within the times aforesaid, *no action shall lie against the carrier, save in the case of fraud on its part*.

Art. 31 (emphasis added). The terms of American's waybill contract executed by Thomas Deriso contained identical notice provisions. *See* Herbert Aff., Ex. 6. Neither Olaya nor the Derisos alleges fraud on the part of American.

Olaya accepted his wife's remains in Ecuador on April 4, 2008, and did not

4

lodge any complaint with American, written or otherwise, before he served American with the present action on November 3, 2008. As such, Olaya has no claim against American under the Montreal Convention. The Derisos also failed to file a complaint with American before cross-moving for indemnification and contribution, though they were a party to the waybill and aware of the late delivery; accordingly, they are barred from seeking indemnification or contribution from American. *See Am. Home Assur. Co. v. Kuehne & Nagel (AG & Co.) KG*, 544 F. Supp. 2d 261, 263 (S.D.N.Y. 2008) (holding that Montreal Convention's two-year statute of limitations bars claims for contribution and indemnity); *see also Motorola, Inc. v. MSAS Cargo Intern., Inc.*, 42 F.Supp.2d 952, 956-57 (N.D. Cal. 1998) (holding that a failure to provide carrier with timely notice under the Warsaw Convention bars a party from bringing claims for indemnity and contribution). Neither Olaya nor the Derisos offers any reason why Article 31 should not bar their claims against American.

### III

Because no questions of fact exist as to the failure of Olaya and the Derisos to meet the notice requirements of the Montreal Convention, American's motion for summary judgment must be granted as to all claims against it. Thus, only Olaya's state law claims against the Derisos remain. The Court will not exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c) (a district court "may decline to exercise supplemental jurisdiction" if, among other circumstances, "the district court has dismissed all claims over which it has original jurisdiction."). As the Court noted in *Drake v. Laboratory Corporation of America Holdings*, 323 F. Supp. 2d 449 (E.D.N.Y. 2004), the Second Circuit has set forth several factors to be considered when deciding whether to exercise

supplemental jurisdiction: "(1) whether state law claims 'implicate[] the doctrine of preemption,' . . . (2) 'judicial economy, convenience, fairness, and comity,' . . . (3) the existence of 'novel or unresolved questions of state law,' . . . (4) whether state law claims 'concern the state's interest in the administration of its government.'" *Id.* at 452 (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003)). None of these factors support exercising supplemental jurisdiction in this case.

## CONCLUSION

American's motion for summary judgment is granted; plaintiff's complaint against American and the Derisos' cross claims against American are dismissed. Plaintiff's action against the Derisos is remanded to state court, without prejudice.

**SO ORDERED.**

s/Frederic Block
FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
October 6, 2009